James G. VENETIS, Plaintiff,

v.

**GLOBAL FINANCIAL SERVICES, INC., and Buchanan Enterprises, Inc., Defendants.**

**Civil Action No. 96–40039–NMG.**

United States District Court, D. Massachusetts.

Aug. 13, 1997.

Brian A. O'Connell, Cosgrove, O'Connell & Blatt, Worcester, MA, for plaintiff.

Brian P. Lenihan, E. Randolph Tucker, Robert A. Bertsche, Hill & Barlow, Boston, MA, for defendant.

Ara Eresian, Jr., Shrewsbury, MA, pro se.

### Memorandum and Order

GORTON, District Judge.

The above-captioned civil action involves a relatively complex set of circumstances related to premises located at 150 Myrtle Street in Duxbury, Massachusetts.

Global Financial Services, Inc. and Buchanan Enterprises, Inc. (collectively "the defendants") filed a motion for judgment on the pleadings. That motion was denied by this Court on January 22, 1997, on the grounds that "the pleadings are insufficient to foreclose beyond doubt any claim upon which relief can be granted."

Since that time, defendants have submitted affidavits of two witnesses whose testimony, they contend, establishes "beyond doubt" that the two mortgages granted by Thomas

J. Riley ("Riley") to Massachusetts Bank & Trust Company ("MBT") and now held by defendants, secure all of the debt obligations to MBT owed by Mr. Riley and his company, Ryco International, Ltd. ("Ryco"). The defendants argue that the two affidavits are determinative of the sole remaining factual issue raised by the plaintiff, i.e. whether a credit line extended to Ryco on May 26, 1987 is specifically secured by the mortgages now held by defendants.

Pending before this Court are the following motions:

1. plaintiff's motion for partial judgment on the pleadings;

2. plaintiff's motion for Brian A. O'Connell to withdraw as attorney for the plaintiff;

3. motion by interested party Ara Eresian Jr. for leave to substitute Ara Eresian Jr. as sole party plaintiff in interest;

4. motion by plaintiff to strike the affidavit testimony of Messrs. Harriman and Aresty; and

5. defendants' motion for summary judgment.

## I. Background:

The only issue before the Court is whether the "note dated 5/26/87" referenced in the mortgage granted by Riley to MBT on May 5, 1989 ("the 1989 Mortgage") is the May 26, 1987 "revolving credit line note" drawn to MBT by Riley in his capacity as president of Ryco. Pointing to several purported "discrepancies" in the loan documents, Venetis disputes whether the 1989 Mortgage (or an earlier mortgage dated October 24, 1986 (the "1986 Mortgage")) actually secures the obligations of Ryco under the May 26, 1987 credit line. The defendants now offer the affidavits of Jerome D. Harriman and Jeffrey M. Aresty in rebuttal.[1]

---

1. Although the testimony of Mr. Riley would be the most informative on the issue before this Court, the parties believe he currently resides outside of the United States and their independent efforts to reach him have been unsuccessful.

## II. Analysis

### A. Plaintiff's Motion For Partial Judgment On The Pleadings

On January 22, 1997, this Court denied defendants' motion for judgment on the pleadings by endorsement on the ground that "the pleadings are insufficient to foreclose beyond doubt any claim upon which relief can be granted." It was the intention of this Court, consistent with that ruling, to deny the plaintiff's request for partial judgment on the pleadings on the same grounds. Plaintiff's motion requested this Court to declare and adjudge that the 1989 Mortgage executed by Riley in favor of MBT is invalid and void in that it does not secure payment of the "Revolving Credit Line". The plaintiff's pleadings were, however, no more conclusive than defendants' and his motion should then have been and is now, therefore, denied.

### B. Plaintiff's Motion For Brian A. O'Connell To Withdraw As Attorney & Motion By Interested Party Ara Eresian Jr. For Leave To Substitute Ara Eresian Jr. As Sole Party Plaintiff In Interest

Ara Eresian Jr. ("Eresian") is the sole trustee of Zitel Realty Trust, a nominee real estate trust under a Declaration of Trust dated December 18, 1996. On or about December 18, 1996, Eresian, on behalf of Zitel, acquired by assignment all of Venetis' right, title and interest in and to the 150 Myrtle Street property ("the Premises"). Venetis originally acquired his interest in the Premises by virtue of an assignment of a Judgment and Execution issued in the Middlesex Superior Court in favor of Shawmut Bank, N.A., against Riley in the original face amount of $394,519.11. Venetis' interest is junior to that held by the defendants who purchased their interest from the FDIC and therefore, Venetis (and now Eresian by virtue of the assignment) are attempting to have the mortgages held by the defendants declared invalid so as to prioritize plaintiff's interest in the Premises.[2]

---

2. The 1989 Mortgage is actually junior to the 1986 Mortgage held by defendants so plaintiff's interest in the Premises is third in priority at the moment.

Attorney O'Connell has moved for leave to withdraw because his client is no longer a party in interest to the case by virtue of the above-referenced assignment. At the earlier hearing on the motions for judgment on the pleadings, this Court informed Attorney O'Connell that it would not then consider the motion to withdraw because there were motions pending before this Court filed by his client. Attorney O'Connell has, consistent with this Court's ruling, continued to work on this case and has filed opposition papers to defendants' motion for summary judgment.

As a consequence of the Court's ruling on defendants' summary judgment motion, *infra*, both the motion for leave to substitute and Attorney O'Connell's motion to withdraw will be denied at as moot.

### C. *Defendant's Motion for Summary Judgment*

The issue raised by the defendants in their summary judgment motion is whether the "note dated 5/26/87" referenced in the 1989 mortgage granted by Riley to MBT is the May 26, 1987 "revolving credit line note" drawn by Riley in his capacity as president of Ryco. This is, of course, the same issue upon which this Court focused at: the hearing on the motions for judgment on the pleadings.

In his Amended Complaint, Venetis alleges that, "on information and belief, Riley never executed in favor of MBT a 'note dated 5/26/87'". Defendants argued in their memorandum in support of their motion for judgment on the pleadings, that the validity of the 1989 Mortgage is conclusively established by reference to the date of the underlying note. *See* M.G.L. c. 183, § 18, appendix 5 (a mortgage deed need only specify the obligation secured as "a note of [blank date]").

The defendants also argued that, by reviewing the note and the mortgage together, there could be no reasonable doubt that the 1989 Mortgage was intended to secure payment of the 1987 Revolving Line of Credit. That Revolving Line of Credit itself states that it is "additionally secured by a mortgage of real estate in Duxbury, Massachusetts recorded in the Plymouth County Registry of Deeds." Furthermore, the 1989 Mortgage

cross-references a "note dated 5/26/87" as the underlying obligation that it secures. Notwithstanding defendants' arguments made in prior pleadings, the heavy burden required of them on a motion for judgment on the pleadings was not sustained without affidavit testimony.

The newly submitted affidavits of Messrs. Harriman and Aresty are, however, enlightening. They establish a set of facts that explain and dispose of the allegedly suspicious "discrepancies" identified by the plaintiff. According to Mr. Harriman, the commercial loan officer at MBT who was responsible for overseeing MBT's banking relationship with Ryco:

1. On May 26, 1987, MBT extended a revolving line of credit to Ryco with a maximum loan amount of $600,000. That line of credit was evidenced by a note which replaced an existing $500,000 credit facility and was secured by the existing 1986 Mortgage on Riley's Myrtle Street home.

2. Mr. Harriman personally prepared the May 26, 1987 "credit line note" and accompanying loan agreement and the document entitled "revolving line of credit" was intended to be a note. It refers to itself as a "Note" and the loan agreement references the instrument accompanying that agreement as a "Note".

3. On May 5, 1989, Mr. Riley granted a second mortgage to MBT on the property located at 150 Myrtle Street, Duxbury (the 1989 Mortgage) and at the request of MBT, that mortgage, together with the 1986 Mortgage, secured amounts due under the revolving credit line dated May 26, 1987.

4. It was Mr. Harriman's practice at MBT to refer to a "note" evidencing repayment obligations under a revolving credit facility as a "revolving credit line" and he intended that the reference to a "note dated 5/26/87" in the 1989 Mortgage to be directly and specifically to the May 26, 1987 revolving credit line "note" from Ryco. That is confirmed by the fact that the 1989

Mortgage also secured all obligations of Riley to MBT "whether now existing or hereafter contracted."

(Affidavit of Jerome D. Harriman, pp 2–3.)

The affidavit testimony of Mr. Aresty establishes that on November 30, 1990, following Ryco's default on payments due under the May 26, 1987 credit line, MBT and Riley entered into a workout arrangement whereby MBT (through an affiliate) took a deed-in-lieu of foreclosure to the property for an agreed upon value of $450,000. Mr. Aresty testified that the deed-in-lieu was expressly made subject to the 1986 and 1989 Mortgages, and was intended to preserve the value of MBT's existing liens on the property. The effect of that transaction, according to Mr. Aresty, was to limit MBT's recourse for $450,000 of the Ryco debt to the 150 Myrtle Street property. The outstanding principal amount due under the May 26, 1987 credit line was then approximately $554,000, plus a substantial amount of unpaid interest, costs and fees. (Affidavit of Jeffrey M. Aresty, Esq. pp 1–2.)

■ Therefore, in an effort to confirm their contention that the May 26, 1987 revolving credit line between MBT and Ryco was in fact the "note dated 5/26/87" referenced in the 1989 Mortgage, defendants have submitted the affidavits of 1) Mr. Harriman, who drafted the documents in question and who personally oversaw all loan transactions between MBT and Mr. Riley and 2) Mr. Aresty, the attorney who represented Mr. Riley and Ryco in their business dealings with MBT. Venetis has submitted no affidavits or other documentary proof in rebuttal, nor has he requested more time to locate Mr. Riley who has "eluded all efforts of the plaintiff to locate him to date." The law is clear that a party opposing a motion for summary judgment cannot merely rely on the pleadings to withstand such a motion supported by affidavits. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (opposing party "may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.")

The defendants contend that Venetis cannot produce the testimony of any witness to contradict the testimony of Messrs. Harriman and Aresty concerning the May 26, 1987 "revolving credit line note" and the 1989 Mortgage. They argue persuasively that Venetis' case depends upon the assertion in his Amended Complaint that "on information and belief, Riley never executed in favor of MBT a 'note dated 5/26/87' ", but that he has offered no affirmative proof in support of his claim. The Court concludes that there is no genuine issue of material fact to be tried and that the defendants' summary judgment motion is meritorious.

### D. Plaintiff's Motion To Strike the Harriman and Aresty Affidavits

■ Apparently cognizant of the importance of the recently submitted affidavits to defendant's dispositive motion, plaintiff has filed a motion to strike those affidavits which, he contends, addresses "legal questions", i.e. whether the document should be treated as a "note". The defendants respond that whether the May 26, 1987 revolving credit line is, in fact, the "note dated 5/26/87" referenced in the 1989 Mortgage is a factual matter which has been addressed by the affidavits and that the legal effect of those uncontested facts is for this Court to determine. This Court agrees with the defendants, finds that the "note" refers to the revolving credit line and concludes that defendants hold a valid mortgage on the Premises senior in priority to that asserted by the plaintiff. Consequently, the plaintiff's motion to strike will be denied.

### Order

For the reasons set forth in the Memorandum above:

1. plaintiff's motion for partial judgment on the pleadings is **denied;**

2. plaintiff's motion for Brian A. O'Connell to withdraw as attorney is **denied** as moot;

3. interested party Ara Eresian Jr.'s motion for leave to substitute Ara Eresian Jr. as sole party plaintiff in interest is **denied** as moot;

4. plaintiff's motion to strike the affidavit testimony of Messrs. Harriman and Aresty is **denied;** and

5. defendants' motion for summary judgment is allowed.

So ordered.